IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN H., a minor by his parent and next friend THOMASINA HORSELY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT FINANCING CORPORATION, et. al., <br><br> Defendants. | No. C 06-06655 TEH <br><br> **ORDER** |

This matter came before the Court on Monday, May 21, 2007, on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. Having carefully considered the parties' written and oral arguments, and the record herein, the motion is granted in part and denied in part for the reasons set forth below.

BACKGROUND

Plaintiff, Stephen H., is a student at Woodrow Wilson Elementary school in West Contra Costa County Unified School District ("WCCUD"). Stephen H., and his parent and next friend, Thomasina Horsely ("Horsely") allege that during the September 2004 - June 2005 school year, Defendants failed to identify and recognize his learning disability (Attention Deficit Hyperactivity Disorder) and related special educational needs. Instead of providing him with the services that would enable him to receive an appropriate public education, as required by federal law, Defendants reacted to the outward

1 manifestations of his learning disability by physically and emotional abusing him. With
2 respect to physical attacks, Plaintiffs allege that Stephen H. was struck by at least four
3 different teacher aides between February and June 2005. As a result of the physical and
4 emotional abuse, Stephen H. suffered severe mental and emotional distress. Plaintiffs
5 further allege that WCCUD fails to adequately train its teachers and staff to identify
6 students with learning disabilities and properly deal with students who have learning
7 disabilities that impact their behavior.

8 Plaintiffs bring several federal claims (under § 504 of the Rehabilitation Act of
9 1973, the Americans with Disabilities Act, the Individuals with Disabilities Education
10 Act ("IDEA"), the Equal Protection Clause, and 42 U.S.C. § 1983) as well as two state
11 law tort claims. Defendants seek to dismiss the entire complaint pursuant to Fed. R. Civ.
12 P. 12(b)(1)[1] on the grounds that the Court lacks jurisdiction over (1) Plaintiffs' federal
13 claims based on a prior settlement agreement, and (2) Plaintiffs' state law tort claims
14 because Plaintiffs failed to exhaust their administrative remedies under the California
15 Government Tort Claims Act.

## DISCUSSION

### A. Subject Matter Jurisdiction over Federal Claims

In 2005, Horsely requested a "due process hearing" to address her complaints that Stephen H. was not receiving the special educational services to which he was entitled under federal law. Prior to this hearing, Horsely and WCCUD entered into a settlement agreement which resolved the due process hearing. The agreement, which required WCCUD to, *inter alia*, provide various services to Stephen H. and convene an annual and triennial IEP team meeting, also included a release of claims. Defendants argue that the Court lacks subject matter jurisdiction over the federal claims based on the release in the settlement agreement. A release, however, does not eliminate the Court's

---

[1] *See* Defs.' Reply at 9, n.2 (confirming that Defendants are proceeding under Rule 12(b)(1) despite "an errant cite to Rule 12(b)(6) . . . in the caption their motion to dismiss").

2

1  jurisdiction. Rather, the assertion of a release is an affirmative defense. Fed. R. Civ. P.
2  8(c); *Myricks v. Federal Reserve Bank of Atlanta*, 480 F.3d 1036, 1043 (11th Cir. 2007)
3  ("Release is an affirmative defense"). Thus even if a release precludes a federal claim it
4  does not deprive the Court of subject matter jurisdiction over the claim. As such,
5  Defendants' attempt to dismiss the federal claims for lack of jurisdiction under Fed. R.
6  Civ. P. 12(b)(1) is misplaced.

7  Even were the Court to convert Defendants' jurisdictional motion to a motion to
8  dismiss under Fed. R. Civ. P. 12(b)(6), Defendants have not demonstrated that the
9  release, on its face, justifies a blanket dismissal of the federal claims. Defendants claim
10 that "unambiguous language" in the release waived all claims with one narrow
11 exception: state law tort claims for physical injury. *See* Defs.' Reply at 5 (the "only
12 claims left unresolved [are] Plaintiffs' claims for *physical* harm that could only be
13 addressed by *state law* claims for damages") (emphasis added). Even assuming
14 *arguendo,* however, that the Court can properly consider the language of the release
15 under Fed. R. 12(b)(6),[2] the plain language of the release simply does not unambiguously
16 state what Defendants assert it states. Rather, after generally releasing WCCUD from
17 liability for all education claims, the release broadly <u>excepts</u> "*any potential claims*
18 arising out of or related to *interactions between* Student and Student's one-to-one aides
19 occurring between December 16, 2004 and June 10, 2005." Defs.' Ex. 3 at 12. There is
20 no express limitation to either state law claims or claims of physical harm. Indeed,
21 Defendants implicitly concede this point by relying on a declaration of counsel to
22 explain their view of the release. In any event, such a declaration is not admissible on a
23 motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[2] Plaintiffs' complaint makes no mention of the settlement agreement although she does not challenge the authenticity of the copy provided by Defendants. Typically, a Court only considers documents on a 12(b)(6) motion whose authenticity is not questioned and which are referenced in the complaint. There is authority, however, to consider documents (the authenticity of which is not questioned), that are crucial to the plaintiffs' claims if mention of the document is deliberately omitted from the complaint. *See, e.g.*, *Tran v. Tyco Electronics*, 2007 WL 1229420 (D. Or. April 24, 2007)

In short, while Plaintiffs may well be attempting to exploit a poorly drafted agreement, Defendants have not demonstrated that the court lacks federal subject matter jurisdiction over the complaint under Fed. R. Civ. P. 12(b)(1). Nor have Defendants demonstrated that, at this current pleading stage, all of the federal claims must be dismissed as a matter of law under Fed. R. Civ. P. 12(b)(6) based on the face of the language of the release in the settlement agreement. This ruling does not, of course, preclude Defendants from arguing that the settlement agreement, while not unambiguous on this point, should be construed consistent with Defendants' interpretation. Such an argument, however, must be made in the context of a motion for summary judgment in which Defendants apply California laws governing contract interpretation and the admission of extrinsic evidence.[3]

### B. State Law Tort Claims

Defendants also argue that Plaintiffs' two state law tort claims should be dismissed for failure to comply with the notice requirements of the California Government Tort Claims Act ("GTCA"). Under this Act, a party seeking to recover money damages from a public entity must first submit a claim to the public entity no later than six months after the cause of action accrued. *See* Cal. Gov't Code §§ 905, 911.2; *Ovando v. City of Los Angeles*, 92 F. Supp.2d 1011, 1021 (C.D. Cal. 2000). Further, a plaintiff must allege either compliance with the GTCA or circumstances excusing such compliance. *See e.g. Garcia v. Adams*, 2006 WL 403838, *8 (E.D. Cal. Feb. 17, 2006); *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1245 (2004). Failure to do so will result in dismissal of the claim. *Grillo v. State of California*, 2006 WL 335340 *11 (N.D. Cal. 2006). Here, Plaintiffs' complaint is silent

---

[3] Defendants also suggest in their reply brief that Plaintiffs' federal claims for money damages are not viable because the injuries asserted in the complaint for which Plaintiffs seek damages have been fully remedied by the services Defendants agreed to provide Stephen H. pursuant to the settlement agreement, citing *Robb v. Bethel School Dist.*, 308 F.3d 1047 (9th Cir. 2002). This separate argument is not properly before the Court.

4

with respect to either compliance or circumstances excusing compliance with the GTCA, and thus dismissal of these claims is in order.

Defendants additionally, argue that the dismissal should be with prejudice because Plaintiffs can not possibly cure this defect through amendment. Specifically, Defendants argue that while Horsely did submit a claim to the District, she did not do so until April 13, 2006 and thus it only extends back to conduct occurring on or after October 13, 2005. As such, the claim was untimely as to the tortious conduct complained of during the September 2004- June 2005 school year.

Plaintiffs respond that they should be allowed an opportunity to amend their complaint to allege compliance with the GTCA. Specifically, Plaintiffs argue that the settlement agreement, which was entered into in August 2005, constitutes a timely claim under the GTCA. They point to the exception clause in the release which, as quoted above, permitted Plaintiffs to pursue "any potential claims arising out of or related to interactions between Student and Student's one-to-one aides occurring between December 16, 2004 and June 10, 2005." Defs.' Ex. 3 at 12.

Under the GTCA, a claim must include six specified categories of information. *Alliance Financial v. City and County of San Francisco*, 64 Cal. App.4th 635, 643 (1998). If, however, a "presented" claim fails to comply substantially with these requirements, "but nonetheless puts the public entity on notice that the claimant is attempting to file a valid claim and that litigation will result if it is not paid or otherwise resolved," it triggers a duty in the public entity to notify the claimant of the deficiencies in the claim. *Id*. If the public entity fails to do so, it waives any defense as to the sufficiency of the claim. *Id.*

Plaintiffs seek to invoke this "presented claim" doctrine. They argue that the exception clause in the release, quoted above, was sufficient to trigger a duty on WCCUD's part to notify them of any deficiencies in their "claim." While, as Plaintiffs emphasize, it is not relevant whether the claimant or attorney intended the letter or notice to be a claim, *id.,* at 650, it must at least "'convey the assertion of a compensable claim

5

against the entity which, if not otherwise satisfied, will result in litigation.'" *id.* at 649 (citation omitted); *id.* at 650. The clause in the release Plaintiffs rely upon, however, did not actually *assert* any compensable claim against WCCUD; rather, it just preserved Plaintiffs' right to assert "any *potential* claims" in the future. *See* Defs.' Ex. 3 at 12 (emphasis added). *See also Green v. State Center Community College Dist.*, 34 Cal. App.4th 1348 (1995) (no duty triggered where letter from plaintiff's attorney referred to accident involving the plaintiff and said that the attorney's office had been retained but did not actually assert a claim). Accordingly, the settlement agreement did not constitute a "claim presented" and Plaintiffs can not therefore rely on this agreement to establish a timely claim under the GTCA with respect to incidents occurring during the 2004-05 school year.

At argument, however, Plaintiffs asserted that they were also seeking tort damages for an incident that occurred in December 2005 in which Stephen H. was allegedly suspended and verbally assaulted by a teacher. It appears that this incident would fall within the six month period of the claim Plaintiffs submitted on April 13, 2006. Accordingly, Plaintiffs shall be given leave to allege compliance with the GTCA with respect to this specific claim. Plaintiffs are warned, however, that this claim may well be subject to dismissal on other grounds such as exhaustion of remedies under the IDEA, 20 U.S.C. §§ 1400 *et seq.*

C. Pattern and Practice Claims

Although this is not a class action, Plaintiffs' amended complaint includes a number of allegations asserting a "pattern and practice" of improper conduct by WCCUD. For example, Plaintiffs allege that WCCUD "by its pattern and practices do not comply with I.E.P.'s and make little effort to implement IEP's in a manner useful to the student and instead of focus on discipline." *See* FAC at ¶ 22; *see also* FAC at ¶ 21 (WCCUD employees "routinely fail to modify for special education students and routinely discriminate against them [sic]."); *id.* at ¶¶ 23-24 (WCCUD has failed to

6

properly train teachers, aides, and administrators with respect to students who have learning disabilities). Plaintiff also seeks an injunction requiring WCCUD to properly train its staff in recognizing students with special education needs and responding appropriately to those needs. *Id*. at ¶ 93.

At oral argument the Court gave Plaintiffs an opportunity to address the propriety of such class allegations. Plaintiff conceded that she is not attempting to proceed in this matter on a class basis and could provide no persuasive justification for engaging in class-wide discovery or otherwise pursuing class-wide relief in this matter. Rather, it is apparent to the Court that such allegations and relief are beyond the scope of this case. Accordingly, and on its own motion, the Court strikes all such "pattern and practice" allegations and requests for relief including ¶¶ 21-26, 93-94 of the First Amended Complaint. Nothing in this Order shall be construed to limit Plaintiffs' ability to obtain discovery, or present evidence, that relates to Stephen H.'s individual claims.

CONCLUSION

In light of the above, and good cause appearing, it is HEREBY ORDERED that:

1. Defendants' Motion to Dismiss is granted in part and denied in part consistent with this order.

2. Defendants' motion to dismiss Plaintiffs' federal claims for lack of subject matter jurisdiction is denied.

3. Plaintiffs' "pattern and practice" allegations and request for injunctive relief with respect to district-wide training are deemed stricken from Plaintiffs' First Amended Complaint. Nothing in this Order, however, shall be construed to limit Plaintiffs' ability to obtain discovery, or present evidence, that relates to Stephen H.'s individual claims.

4. Defendants' motion to dismiss Plaintiffs' two state law tort claims (the fourth and sixth claims) for failure to comply with the California GTCA is granted with leave to amend consistent with this Order.

5. If Plaintiffs wish to file a second amended complaint, *consistent with this Order*, such complaint shall be filed no later than 21 days from the date of this Order.

6. A Case Management Conference shall be held on Monday, August 13, 2007 at 1:30 p.m.. A Joint Case Management Status Conference Statement shall be filed 7 days in advance consistent with this Court's Standing Order in this case.

**IT IS SO ORDERED.**

Dated: 5/24/07

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE