United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN H., a minor by his parent and next friend THOMASINA HORSELY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WEST CONTRA COSTA COUNTY UNIFIED SCHOOL DISTRICT FINANCING CORPORATION, et. al.,<br><br>Defendants. | No. C 06-06655 TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER** |

Plaintiff Steven H. is a child with learning and other disabilities. With this action, he alleges he was physically and psychologically abused while at the Woodrow Wilson elementary school in the care and control of the West Contra Costa Unified School District. The Complaint alleges Steven was physically assaulted by staff members approximately three years ago, when he was six years old. He is now nine years old. He suffers from anxiety and attention deficit hyperactivity disorder, and undergoes regular therapy and takes medication to manage his condition. Plaintiff's physician has described Steven as "quite socially and emotionally sensitive," so that he would be "at greater risk for distress" during a deposition relating to the alleged abuse, and has opined that given the passage of time "a reliable account of such a charged event seems to me to be quite unlikely."

Defendants noticed Steven's deposition.  The parties met and conferred about the scope of the deposition, but were unable to reach agreement.   Defendant offered to forego the deposition if Plaintiffs would stipulate that Steven would not testify at trial, but Plaintiffs refused to do so.  Plaintiff moved for a protective order, arguing that because Steven has repressed his memory of the events in question, the deposition was not "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. Pro. 26(b)(1), and would be extremely distressing to Steven.  Plaintiff requested that the Court order the deposition to be videotaped if it was to go forward.

At the Case Management Conference held on February 25, 2008, the parties described the dispute to the Court.  Counsel for Defendants stated he did not object to time limitation of two hours.  The Court ordered Defendants' counsel to submit a list of questions he planned to ask Steven, and Plaintiffs' counsel to respond with concerns about those questions.  They have done so.

As a preliminary matter, the Court observes that it seems spectacularly unlikely that the deposition will successfully cover twelve pages' worth of questions in the agreed-upon two hours – much less questions that are complex for a child (such as, for example, "Did anyone other than Nicole Hodge tell you to make sure you tell me anything?")  Defendants will be strictly limited to the question topics set out in their list, and to *very* closely related follow-up questions.

Plaintiff has offered very few objections to the proposed questions.  Several have merit.  Some of the questions, while not technically leading, may suggest answers to a child.  The Court orders Defendants' counsel to use Plaintiff's suggested phrasing (or the less suggestive phrasing set out below )for the following questions:[1]

| Question | Revised Question |
| --- | --- |
| Was Ms. G---L---- mean to you? | How did Ms. G---L--- treat you? |

---

[1] Questions are redacted to preserve the privacy of the Plaintiff.

2

**United States District Court**
For the Northern District of California

| | |
|---|---|
| Was Ms. B--- mean to you? | How did Ms. B--- treat you? |
| Was it because you were hitting other students? | Why did she separate you? |
| What kinds of things did [K---] help you do in class? | What kinds of things did you do with Mr. K---? |
| Did you like [K---]? | How did you feel about Mr. K— when he worked as your aide? |
| Had you been taken out of class for misbehaving? | Why were you taken out of class? |
| Do you remember writing that he hit you with his yellow book? | Do you remember what you wrote about Mr. K--- hitting you? |
| Were you struggling with him? Did you hit him in the chest? Did you punch him? Were you resisting him? | What did you do? [or] Did you do anything back? |
| Did he hit you on the elbow? | Where did he hit you? |
| Did he hit you with his yellow book? | Did he hit you with anything? |
| Were you sad when Mr. K--- stopped working with you? | How did you feel when Mr. K--- stopped working with you? |
| What kinds of things did [M---] help you do in class? | What kinds of things did you do with Ms. — at school? |
| How did you like [M---]? | How did you feel about Ms. M--- when she worked as your aide? |
| Did you get mad at her because she made you do your work? | Did you get mad at her? Why? |
| Were you struggling with [M---]? | What were you doing? |
| Did you think it was an accident? | Did Ms. M--- hit you by accident or on purpose? |
| Were you sad when she stopped working with you? | How did you feel when she stopped working with you? |
| Questions about whether specific individuals told Plaintiff to say anything | Has anyone told you to be sure you told me something today? |

The Court agrees that asking Steven to demonstrate past traumatic events is likely to be more distressing to him than it is to elicit useful information. Accordingly, Defendants may not ask Steven to demonstrate how K--- hit him or how M--- hit him. Of course, Plaintiffs are also precluded from asking Steven to demonstrate any acts of abuse at trial.

3

Some of Plaintiffs' objections are not well taken. The questions about recent deaths in the family are relevant to the cause of Steven's depression or sadness, if any. Whether Steven has been spanked by family members also goes to the severity of his damages.

The deposition shall be limited to two hours of questioning time, excluding breaks. The deposition shall be videotaped, with the cost of videotaping borne equally by the parties. If Defendants are unable to elicit answers from Steven H. during the two-hour deposition, they may allude to that fact at trial, but the Court will not extend the time of the deposition if Steven is unable to respond to questions quickly.

The parties shall contact Courtroom Deputy Rowena Espinosa, at 522-2047, and schedule the deposition at a time when the Court is available, and then give the Court written notice of the date and time the deposition is to take place. The Court is informed that the parties have agreed "to have a counselor on hand" in case Steven needs "immediate attention" as a result of the deposition. Amended Motion for Protective Order, filed February 19, 2008, at 3. The counselor may attend the deposition if Plaintiffs' counsel so desires. If, at any time during the deposition, the counselor, Plaintiffs' counsel, and/or Steven's mother believe that Steven is too distressed, anxious, or upset for the deposition or a particular line of questioning to proceed, the Parties shall halt the deposition and immediately contact the Court by telephone at (415) 522-3630. The Court will resolve, by telephone, whether the questioning or deposition should continue.

Plaintiff's Motion for a Protective Order is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated:  4/1/08

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

4